Franklin D. Cummings et al.

v.

Michael J. Davis.

1. Replevin—Conditional sale.—The court is of opinion that the preponderance of the evidence supports the finding that the sale in question was a conditional one and the judgment is undisturbed.

2. Rescission of contract.—Where there was a conditional sale of a carriage to A, but the possession of the carriage was never in fact delivered to A but was always retained by the seller, though kept by him in the stable of A, the mere removal of the carriage to another place would not of itself be a rescission of the contract, and such removal could not be said to be a retaking.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.  Opinion filed December 4, 1885.

This was replevin, brought by appellee, Davis, against appellants and others, to recover the possession of a Landau carriage.  The case was tried by a jury, resulting in a verdict for the plaintiff against the defendants, Cummings and Marsh, the suit having been dismissed by the plaintiff as to the other defendants at the trial.  Damages were assessed for the detention of the property at $425, for which sum the plaintiff had judgment, the court overruling the defendant's motion for a new trial.  The defendants appealed to this court and assign various errors.  The facts sufficiently appear in the opinion of the court.

Mr. ALBION CATE, for appellants; that appellee upon a rescission of the sale should have placed the parties *in statu quo*, cited Brundage v. Camp, 21 Ill. 330; M. C. R. R. Co. v. Phillips, 60 Ill. 190; Young v. Bradley, 68 Ill. 553; Van Duzor v. Allen, 90 Ill. 499.

Mr. C. M. HARDY, for appellee.

WILSON J.  The record is very voluminous, and we shall not undertake to refer to the evidence in detail.  It was claimed on the part of the defendants, Cummings and Marsh, that Beale & Dwelle, through whom they claimed title to the carriage, purchased it from the plaintiff, Davis, for $1,350 by an absolute sale; that they paid him therefor $600 cash, and some time thereafter gave him their note for the balance, $750, dating it back to the date of the purchase; that the carriage was thereafter kept in the livery stable of Beale & Dwelle, and was used in their business, they receiving pay therefor, though it was driven by Davis, who was in their employ on a monthly salary, and that it was generally called " Mike's carriage."

On the other hand, it was claimed by Davis that the sale

was only conditional, and that Beale & Dwelle were not to be owners of the property or have any claim upon it until it was fully paid for; that meantime it was to be and remain the property of Davis who was to retain the possession and exclusive control over it until paid for.

The testimony was largely directed to this branch of the case, and was conflicting, but the jury, in reaching the conclusion it did, must necessarily have found that the sale was conditional, and not an absolute one. This finding, we think, is supported by a preponderance of the evidence. The testimony of Davis is corroborated by other apparently disinterested witnesses, who testify to admissions of both Beale and Dwelle, to the effect that the carriage was to remain the property of Davis until fully paid for; and it receives still further corroboration from the control and acts of ownership, which, with their knowledge and consent, Davis continued to exercise over the property subsequent to the alleged sale.

Beale & Dwelle executed a chattel mortgage on the property in their livery stable to one Crowell, in which mortgage they included the carriage in question, without, as Davis claims, his knowledge or consent. Cummings and Marsh took an assignment of this mortgage, and derive their title to the carriage through a sale on the mortgage. The evidence tended to show that Crowell had notice of Davis' claim to the carriage when he received the mortgage, and that Cummings and Marsh had like notice when they took an assignment of it. It was further claimed by Davis that the Beale & Dwelle mortgage was only colorable and was given without consideration, to hinder and delay their creditors or the creditors of Dwelle. These and many other matters appearing on the record were controverted questions of fact, falling within the peculiar province of the jury to pass upon and determine under the evidence. We must assume that the jury who saw the witnesses and heard them testify were better able to judge as to the weight of their evidence than we can be, and we can not say their finding was not warranted by a preponderance of the evidence.

It is argued by appellants, that if the sale of the carriage is

to be regarded as a conditional sale, the retaking of the carriage by Davis amounted to a rescission of the contract, and he should have placed the parties *in statu quo* by returning, or offering to return, the consideration paid for it. It is not perceived that the rule in relation to the rescission of executory contracts has any necessary application to the facts of the present case. If the possession of the carriage was never in fact delivered to Beale & Dwelle, but was always retained by Davis, though kept by him in the stable of Beale & Dwelle, the mere removal of the carriage to another place would not of itself be a rescission of the contract, and such removal could not be said to be a retaking. The evidence tended to show that the carriage *was in* Davis' possession before as *after* the removal, and whether this was so or not was a question of fact which the jury presumably found in favor of Davis. The rights of the respective parties remained unaffected by the removal of the carriage.

It is contended that the charge of the court was erroneous and misleading, but in what respect is not pointed out in appellant's brief. By agreement of the parties the court instructed the jury orally, and with the exception of one or two slight inaccuracies of statement, not affecting the substance of the charge, we think it was a correct statement of the law applicable to the case and was not misleading.

Finding no material errors in the record the judgment of the court below is affirmed.

Judgment affirmed.